UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-00091-SRC |
| | ) |
| BILL STANGE, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>Memorandum and Order</u>**

This matter comes before the Court on a document filed by Plaintiff Stanley Johnson that the Court construes as a civil-rights action under 42 U.S.C. § 1983.  Doc. 1.  For the reasons discussed below, the Court direct Johnson to either file a motion for leave to proceed in forma pauperis or pay the full filing fee.  Additionally, the Court orders Johnson to file an amended complaint on a Court-provided form.

**I.      Filing Fee**

The Clerk of Court is required to collect a filing fee from the party instituting a civil action in the district court.  *See* 28 U.S.C. § 1914(a); *see also* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis").  The Court, however, may authorize the commencement of a civil action without prepayment of the filing fee upon submission of an affidavit showing that the party is unable to pay.  *See* 28 U.S.C. § 1915(a)(1).

In this case, Johnson has not paid the filing fee or filed a motion seeking leave to proceed without prepayment of the fee.  He must do one or the other in order for this case to proceed.

The Court therefore directs him to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within thirty days of the date of this order. If Johnson moves to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). If Johnson does not comply with this order within thirty days, the Court will dismiss this action without prejudice and without further notice.

## II.     Order to Amend

Johnson is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On May 30, 2023, he filed a document that the Court construes as a prisoner civil-rights action under 42 U.S.C. § 1983. The complaint is not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). The Court therefore orders Johnson to file an amended complaint according to the instructions set forth below.

Johnson should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Johnson should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Johnson may add additional sheets of paper. However, all the defendants must be clearly listed.

Johnson should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

In the "Statement of Claim" section, Johnson should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Johnson should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Johnson may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Johnson should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Johnson should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Johnson is suing more than one defendant, he should follow the same procedure for each defendant.

Johnson must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Johnson is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Further, the Court emphasizes that

3

the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Johnson is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, Johnson must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Johnson to make general allegations against all the defendants as a group. Rather, Johnson needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

The Court warns Johnson  that the filing of an amended complaint **completely replaces** the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Johnson's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Johnson fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Johnson.

4

### III.     Motion for Preliminary Injunction

Along with the complaint, Johnson has filed a "Motion for an Injunction," which the Court has construed as a motion for a preliminary injunction. Doc. 2. In the motion, Johnson states that he is "dumbfounded and shocked" that he cannot get assistance from the case managers in administrative segregation. More particularly, he asserts that he turned in a "green check" in April 2023 that was "ignored/denied." Johnson further alleges that he cannot get his "legal documents out of [his] property," that he cannot "get assistance from a law clerk," and that he cannot "order law materials from the law library." As such, Johnson contends that he is being "abused" and "discriminated against."

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). Johnson has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, Johnson has not carried his burden of showing that an injunction should be issued. His allegations regarding denial of access to the courts do not establish the threat of irreparable

5

harm. Likewise, his vague and conclusory assertions against the defendants fails to demonstrate a likelihood of success on the merits. Given that Johnson has failed to show irreparable harm, or a likelihood of success, the granting of an injunction would be harmful to the nonmoving party, especially as it is unclear what Johnson wants enjoined. For all of these reasons, the Court denies the motion.

### IV.   Conclusion

Accordingly, the Court orders Johnson to either file a motion for leave to proceed in forma pauperis, or pay the full filing fee, no later than September 28, 2023. The Court directs the Clerk of Court to send Johnson a copy of the Court's motion for leave to proceed in forma pauperis form. If Johnson files a motion for leave to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint.

The Court also orders Johnson to file, no later than September 28, 2023, an amended complaint on the Court's prisoner civil rights complaint form, in accordance with the instructions set forth above. The Court directs the Clerk of Court to send Johnson a copy of the prisoner civil rights complaint form, as well.

The Court advises Johnson that failure to comply with the above deadlines will result in the dismissal of this action without prejudice and without further notice. The Court denies Johnson's [2] Motion for Preliminary Injunction.

Dated this 29th day of August 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE